UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRAVEYON RICHARDSON and<br>BREON STROUP,<br><br>Defendants. | Criminal No. 23cr10177<br><br>Violations:<br><br><u>Count One</u>: Conspiracy to Straw Purchase Firearms<br>(18 U.S.C. § 932(b))<br><br><u>Count Two</u>: Felon in Possession of Firearms and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br><u>Count Three</u>: Trafficking of Firearms<br>(18 U.S.C. § 933(a)(1))<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. §§ 924(d) & 934; 28 U.S.C. § 2461(c)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. TRAVEYON RICHARDSON was a resident of Bangor, Maine.

2. BREON STROUP was a resident of Fall River, Massachusetts, and did not hold a license to possess firearms.

### Object and Purpose of the Conspiracy

3. The object of the conspiracy was to straw purchase firearms. The principal purposes of the conspiracy were for RICHARDSON to purchase two firearms for STROUP, who could not lawfully purchase or possess firearms, for STROUP to possess firearms, and for RICHARDSON and STROUP to conceal their actions from law enforcement.

Manner and Means of the Conspiracy

4. Among the manner and means by which RICHARDSON and STROUP carried out the conspiracy were the following:

   a. STROUP identifying firearms available for purchase by RICHARDSON in Maine and providing payment to RICHARDSON;

   b. RICHARDSON, purchasing firearms on behalf of STROUP, who could neither lawfully purchase nor possess firearms;

   c. RICHARDSON transporting firearms from Maine to STROUP in Massachusetts; and

   d. RICHARDSON and STROUP attempting to conceal the conspiracy.

Overt Acts In Furtherance of the Conspiracy

5. From on or about September 26, 2022, through on or about October 15, 2022, RICHARDSON and STROUP committed and caused to be committed the following overt acts in furtherance of the conspiracy:

   a. On September 26, 2022, RICHARDSON sent to STROUP over Snapchat a website link to the available handguns for purchase at Maine Military Supply, a federal firearm license dealer.

   b. STROUP responded with a link to an available firearm for purchase on the Maine Military Supply website: a silver Ruger Wrangler.

   c. STROUP then sent another link to an available firearm for purchase on the Maine Military Supply website: a Taurus Model G3C.

   d. STROUP further stated, "If I send u 650 can u get them."

e. According to STROUP's Cash App records, on September 27, 2022, at approximately 9:24 am, STROUP sent RICHARDSON a transfer of $680.00 USD titled, "help with rent."

f. At approximately 9:26 am, STROUP sent to RICHARDSON the following message on Snapchat, "Taurus G3C 9mm Black with AS 12RD."

g. STROUP then sent another message on Snapchat to RICHARDSON, "And the 22cal Ruger Wrangler 6rd SIL."

h. On September 27, 2022, at approximately 11:24 am, RICHARDSON purchased online from the Maine Military Supply website two firearms: a silver Ruger Wrangler and a Taurus Model G3C.

i. On September 28, 2022, RICHARDSON arrived at the Maine Military Supply store to pick up the firearms.

j. While in the store, RICHARDSON signed the Firearm Transaction Record, or Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473, which required the purchaser in part to answer a series of questions to determine whether the purchase was permitted under federal law.

k. RICHARDSON falsely checked the box labeled "Yes" to the question, "Are you the actual buyer of the firearm(s) listed on this form?  Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you."

l. On October 2, 2022, RICHARDSON drove the firearms to Massachusetts from Maine.

m. On October 15, 2022, RICHARDSON and STROUP had a phone conversation while STROUP was incarcerated at the Bristol County Jail and House of Correction. STROUP reassured RICHARDSON that he had deleted his Snapchat account one week prior to his arrest.

n. RICHARDSON then asked, "Is everything all good with your phone and shit?" and then clarified, "was your phone in your iCloud?"

o. STROUP confirmed that, "My mom already has my phone and shit and already went through and fuckin went to my house and fuckin cleared my cameras and fuckin went to my shit and cleared everything she could."

p. STROUP further confirmed that he had two iPhones with the same iCloud account and deleted his account from the second phone after the first was seized by police.

q. STROUP added, "there's no way they're getting in my shit bro."

<u>COUNT ONE</u>
Conspiracy to Straw Purchase Firearms
(18 U.S.C. § 932(b))

The Grand Jury charges:

6. The Grand Jury re-alleges and incorporates by reference paragraphs 1-5 of this Indictment.

7. From on or about September 26, 2022, through on or about October 15, 2022, in Fall River, in the District of Massachusetts, in the District of Maine, and elsewhere, the defendants,

TRAVEYON RICHARDSON and
BREON STROUP,

did knowingly conspire to purchase firearms, to wit: a Taurus Model G3C, 9 mm pistol with serial number ACL545580, and a Ruger Model Wrangler, .22 caliber revolver with serial number 205-69188, in and otherwise affecting interstate commerce for, on behalf of, and at the request and demand of any person, to wit: the defendant, BREON STROUP, knowing or having reasonable cause to believe that the defendant, BREON STROUP, had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

All in violation of Title 18, United States Code, Section 932(b).

## COUNT TWO
### Felon in Possession of Firearms and Ammunition
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about October 4, 2022, in Fall River, in the District of Massachusetts, the defendant,

### BREON STROUP,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms and ammunition, that is, a Taurus Model G3C, 9 mm pistol with serial number ACL545580, a Ruger Model Wrangler, .22 caliber revolver with serial number 205-69188, and 10 rounds of ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE
Trafficking of Firearms
(18 U.S.C. § 933(a)(1))

The Grand Jury further charges:

On or about October 2, 2022, in the District of Massachusetts, the defendant,

## TRAVEYON RICHARDSON,

did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, to wit: a Taurus Model G3C, 9 mm pistol with serial number ACL545580, and a Ruger Model Wrangler, .22 caliber revolver with serial number 205-69188, to another person, to wit: the defendant, BREON STROUP, in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the defendant, BREON STROUP, would constitute a felony as defined in Title 18, United States Code, Section 932(a).

All in violation of Title 18, United States Code, Section 933(a)(1).

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. §§ 924(d)(1) and 934; 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 932(b), 922(g)(1), and/or 933(a)(1), set forth in Counts One, Two, and Three, the defendants,

BREON STROUP and
TRAVEYON RICHARDSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and 934, and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. Taurus Model G3C, 9 mm pistol with serial number ACL545580;

   b. Ruger Model Wrangler, .22 caliber revolver with serial number 205-69188; and

   c. 10 rounds of ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Sections 924(d)(1) and 934, and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 924 and 934, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
LUCY SUN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY __6__, 2023
Returned into the District Court by the Grand Jurors and filed.

_____ 12:24pm
DEPUTY CLERK